IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| LILLIAN EASLEY and all other similarly situated,<br><br>          **Plaintiff,**<br><br>vs.<br><br>HUMMINGBIRD FUNDS, D/B/A BLUE TRUST LOANS; JOHN (RANDY) CADOTTE; WILLIAM TREPANIA; DAYLENE SHARLOW; TWEED SHUMAN; DON CARLEY; LEE HARDEN; TRINA STARR; JAMES WILLIAMS, JR.,<br><br>          **Defendants.** | Case No. 1:19-cv-00937-KD-M<br><br>JURY TRIAL DEMANDED<br>CLASS ACTION |

### REQUEST FOR CLARIFICATION

Specially-Appearing Defendants Hummingbird Funds, d/b/a Blue Trust Loans ("Hummingbird"), John Cadotte, William Trepania, Daylene Sharlow, Tweed Shuman, Don Carley, Lee Harden, and Trina Starr (together, "Defendants") respectfully request clarification of the Honorable Katherine P. Nelson's Order (Doc. 76) lifting the stay of briefing previously imposed on Defendants' Motion to Compel Arbitration (Doc. 39). In particular, Defendants wish to inform the Court that they intend to object to the Court's Report and Recommendation (Doc. 75) denying Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 37), and should that challenge be unsuccessful, they intend to bring a factual challenge to the Court's subject matter jurisdiction on the grounds that Hummingbird is an arm of the Lac Courte Oreilles Band of Lake Superior Chippewa Indians (the "LCO Tribe" or the "Tribe"), a federally-

1

REQUEST FOR CLARIFICATION                  CASE NO. 19-937

recognized sovereign American Indian tribe, entitled to sovereign immunity from suit.[1]  As the Court has now set a briefing schedule on the Motion to Compel Arbitration, Defendants wish to clarify whether the Court intends to rule on the Motion to Compel Arbitration before the issue of Defendants' entitlement to sovereign immunity is resolved.[2]

As the Court explained in its Order on the Motions to Dismiss, Defendants initially brought a facial challenge to the Court's subject matter jurisdiction, arguing that Plaintiff had failed to plead facts sufficient to overcome Defendants' assertion of sovereign immunity.  (Doc. 75 at 3.)  The Court has issued a Report and Recommendation denying Defendants' facial challenge, and Defendants intend to object to the Report and Recommendation.

If Defendants' objections are overruled, as Defendants indicated in their initial Motion to Dismiss for Lack of Subject Matter Jurisdiction, "[s]hould the Court deny [the] facial attack, Defendants expressly reserve the right to bring a factual challenge to the Court's subject matter jurisdiction." (Doc. 37 at 14 n.3.)  Thus, if Defendants' objections to the Report and

---

[1] Defendants may also consider an appeal, as the denial of a motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity – whether facial or factual – is immediately appealable under the collateral order doctrine.  *Tamiami Partners By & Through Tamiami Dev. Corp. v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1050 (11th Cir. 1995) (explaining that the denial of a motion to dismiss based on the lack of sovereign immunity is a collateral order that is immediately appealable); *see also Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, 765 F. App'x 802, 805 n.8 (3d Cir. 2019) (noting that the Court of Appeal had jurisdiction to review a facial challenge to subject matter jurisdiction based on sovereign immunity under the collateral order doctrine).

[2] Before filing this Request, Defendants' counsel provided Plaintiff's counsel with a copy of the Request and asked for Plaintiff's position on the matters raised herein.  Plaintiff's counsel responded by indicating that she "objects to any modification of the briefing schedule."

Recommendation are overruled, Defendants intend to do just that – bring a factual challenge to the Court's subject matter jurisdiction based on its entitlement to sovereign immunity as an arm of the Tribe.[3]

As the Court knows, Defendants and Plaintiff previously asked the Court to rule on their Motion to Compel Arbitration before resolving Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction. (*See* Doc. 49.) The Court declined to do so, concluding that it cannot reach the Motion to Compel Arbitration until it confirms it has subject matter jurisdiction over this dispute. (*See* Doc. 51.) As Defendants and Plaintiff previously argued (Doc. 49 at 6-8), and as the Court has now found, "[T]his Court has original jurisdiction over Easley's federal claims under 28 U.S.C. § 1331 (and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367)), the Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331." (Doc. 75 at 16 n.13.)

Defendants continue to believe that the Court can and should resolve the Motion to Compel Arbitration before determining whether Defendants are entitled to sovereign immunity. Because the Court has lifted the stay on the Motion to Compel Arbitration, and because Defendants' entitlement to sovereign immunity has not been finally resolved, Defendants wish to clarify whether the Court now intends to rule on the Motion to Compel Arbitration before resolving the sovereign immunity issue. If the Court intends to rule on the Motion to Compel Arbitration now, Defendants anticipate requesting a briefing schedule that enables the Court and

---

[3] Factual challenges to subject matter jurisdiction routinely follow facial challenges, for good reason. A defendant is not required to put forth the time and resources required to bring a factual attack and potentially engage in burdensome discovery that may be associated with such a motion if the plaintiff has not even pled sufficient facts to invoke the Court's jurisdiction. *See, e.g., Branch Banking & Tr. Co. v. R&T Rentals, LLC*, No. CIV.A. 10-00518-KD-N, 2011 WL 1539939, at *4 (S.D. Ala. Apr. 4, 2011), report and recommendation adopted, No. CIV.A. 10-00518-KD-N, 2011 WL 1539896 (S.D. Ala. Apr. 22, 2011) ("[A] 12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed.").

the parties to economically resolve the issues before the Court by deferring briefing on sovereign immunity until after the Motion to Compel Arbitration is decided.

Respectfully submitted,

Dated:  August 4, 2020

*s/Robert R. Baugh*
Robert R. Baugh (BAU002)
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Post Office Box 55727
Birmingham, AL 35255-5727
Phone:  205-930-5100
E-mail: rbaugh@sirote.com

**and**

*s/John C.S. Pierce*
John C.S. Pierce   (PIE009)
SIROTE & PERMUTT PC
1 St. Louis Centre, Suite 1000
Mobile, AL  36602
Phone: (251) 432-1671
Fax: (251) 434-0196
E-mail: jpierce@sirote.com

**And**

*s/Ashley Vinson Crawford*
Ashley Vinson Crawford
(*admitted Pro Hac Vice*)
AKIN GUMP STRAUSS HAUER & FIELD, LLP
580 California Street, Suite 1500
San Francisco, CA  94104
Phone:  415-765-9501
E-mail: avcrawford@akingump.com

**and**

*s/Danielle Ginty*
Danielle Ginty
(*admitted Pro Hac Vice*)
AKIN GUMP STRAUSS HAUER & FIELD, LLP
580 California Street, Suite 1500

4

        San Francisco, CA  94104
        Phone:  415-765-9501
        Email: dginty@akingump.com

*Attorneys for Specially Appearing Defendants Hummingbird Funds, LLC d/b/a Blue Trust Loans, John Cadotte, William Trepania, Daylene Sharlow, Tweed Shuman, Don Carley, Lee Harden and Trina Starr*

### CERTIFICATE OF SERVICE

    I hereby certify that on this 4th day of August, 2020, a copy of the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF electronic filing system which will serve a copy on all counsel of record as follows:

***Attorney for Plaintiff***
Earl P. Underwood, Jr.
Underwood & Riemer, PC
21 South Section Street
Fairhope, AL  36532
Phone: 251-990-5558
*Email: epunderwood@gmail.com*

  Steven P. Gregory
  Gregory Law Firm, PC
  2700 Corporate Drive, Suite 200
  Birmingham, AL  35242
  Phone: 205-799-0380
  *Email: steve@gregorylawfirm.com*

        *s/Robert R. Baugh* _____
        OF COUNSEL