**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LILLIAN EASLEY, and all others similarly situated,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 1:19-00937-KD-N** |
| | ) | |
| **HUMMINGBIRD FUNDS d/b/a Blue Trust Loans, *et al.*,** | ) | |
| **Defendants.** | ) | |

**ORDER**

After due and proper consideration of the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge (Doc. 75) made under 28 U.S.C. § 636(b)(1)(B)-(C), Fed.R.Civ.P. 72(b), S.D. Ala. GenLR 72(a)(2)(S), and dated July 30, 2020, is **ADOPTED** as the opinion of this Court *with the addition of the following*:

As to the Defendants argument that Plaintiff Lillian Easley (Easley) has the burden to <u>plead</u> facts that contradict that Hummingbird is an arm of the tribe, the Court disagrees.[1]  Tribal immunity is akin to an affirmative defense in that a tribe (or an arm of a tribe) must invoke immunity; a plaintiff does not have the burden to plead sufficient facts to defeat immunity.  Adoption of the Defendants' argument would require that a plaintiff anticipates whether an entity intends to claim to be an arm of the tribe and to invoke sovereign immunity.  Defendants' cited authority does not support such a pleading requirement.  Instead, the Defendants' cited authority requires that once a tribe or arm of the tribe invokes immunity, a plaintiff is required to <u>prove</u> that immunity has been abrogated by Congress or waived by the tribe.

---

[1]  Easley alleges that it is part of Hummingbird's "scheme" to falsely claim tribal immunity.  (Doc. 34 at 6). Easley then alleges that once the Court examines the underlying relationship between Hummingbird and the tribe, the Court will find that the relationship is "insufficient" to allow Hummingbird to claim tribal immunity. (<u>Id</u>.)

In a Rule 12(b)(1) <u>facial attack</u>, the plaintiff is not required to prove anything.[2]   And, in determining whether the complaint alleges subject matter jurisdiction, the factual assertions in the complaint are presumed true.   <u>Barnett v. Okeechobee Hosp.</u>, 283 F.3d 1232, 1237 (11th Cir. 2002) ("If the 12(b)(1) motion represents a facial attack on jurisdiction—that is, the facts as stated supposedly do not provide cause for federal jurisdiction—then the facts alleged by the plaintiff are given the same presumption of truthfulness as they would receive under a 12(b)(6) motion.")

In the Complaint (Doc. 34 at 2), Easley bases subject matter jurisdiction on federal question (RICO, 18 U.S.C. § 1962) and diversity of citizenship.   At least as to federal question, and as acknowledged by the Defendants,[3] the Complaint on its face alleges facts to support subject matter jurisdiction.  As such, the Defendants' facial attack on subject matter jurisdiction is without merit.

Accordingly, it is **ORDERED** that the Defendants' "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Doc. 37) is **DENIED**; and the Defendants' "Motion to Dismiss for Forum Non Conveniens or, in the Alternative, Stay for Tribal Exhaustion" (Doc. 40), "Motion to Dismiss Pursuant to Rule 12(b)(6)" (Doc. 41), and "Motion to Dismiss or Strike Plaintiff's Class Allegations" (Doc. 42) are **DENIED** without prejudice to the Defendants' ability to renew those motion after the Court has ruled on their pending motion to compel arbitration (Doc. 39), if appropriate.

**DONE** and **ORDERED** this the **28th** day of **August 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that the efficient determination of whether Defendant Hummingbird Funds (Hummingbird) is an arm of a tribe has been impeded by the Defendants limiting their motion to dismiss to a <u>facial attack</u> on subject matter jurisdiction, instead of a factual attack. (See Doc. 63)

[3] (Doc. 81 at 18).